# IN THE COURT OF APPEALS OF IOWA

No. 24-1831
Filed August 20, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KEENAN LYLE GLASGOW,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Des Moines County, John M. Wright,

Judge.


        Keenan Glasgow appeals the sentence imposed following his guilty plea.

**AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant

Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney

General, for appellee.


        Considered without oral argument by Schumacher, P.J., and Badding and

Langholz, JJ.

**SCHUMACHER, Presiding Judge.**

Keenan Glasgow appeals the sentence imposed following his guilty plea, claiming the prosecutor breached the plea agreement. Upon our review, we affirm.

Glasgow pled guilty to one count of possession of a firearm by a felon, as a habitual offender, in violation of Iowa Code section 724.26(1) (2024) and two counts of possession of a controlled substance, third offense, as a habitual offender, in violation of section 124.401(5).[1] The parties agreed to make a joint recommendation for concurrent sentences. The plea agreement provided that both sides were free to argue at sentencing. At sentencing, the prosecutor provided the following statement on the State's recommendation, which included a request for imposition of a prison term:

> Your Honor, the State is recommending sentences of incarceration on each Counts I, III, and IV, all as a habitual offenders with 15-year sentences. We would recommend that those sentences run concurrently to one another.
> In support of our recommendation, we would note the Defendant's lengthy criminal history. It appears as though he may actually have been on or has the benefit of probation/parole; has not responded well.
> While he was employed at the time of his arrest, his history prior to that had been relatively unstable.
> We would also note that the Department of Correctional Services also recommends incarceration.
> Again, there would be no fines with this sentence, given that it is the habitual offender, and the State would take no position—should the Defendant be ordered to incarceration, the State would take no position on a request of waiver of category B restitution.

---

[1] Glasgow sets forth the factual basis supporting his plea as follows:
Glasgow admitted on May 22, 2024, he knowingly had in his control or possession of a Beretta APX 9mm handgun while having previously been convicted of a felony. He additionally admitted to possessing two separate controlled substances, specifically methamphetamine and psilocybin mushrooms, while having two (2) prior convictions under Iowa Code chapter 124.

Defense counsel noted the timeframe of Glasgow's past convictions, while acknowledging that there was "a lot of ink in the adult record section."  Like the State, defense counsel also asked the court to impose concurrent sentences.  The district court sentenced Glasgow to a term of imprisonment not exceeding fifteen years with a mandatory three-year sentence on each of the convictions.  The sentences on the controlled-substance offenses were run concurrently with one another but consecutively to the gun-possession offense for a total term of thirty years in prison.

On appeal,[2] Glasgow claims the prosecutor breached the plea agreement by reciting "all the aggravating factors: lengthy criminal history, unsuccessful probation/parole, previous unstable employment history, and PSI recommended incarceration"[3] rather than presenting State's agreement that the sentences should be concurrent.  According to Glasgow, "the prosecutor merely recited the agreement before undermining it with a vigorous argument for prison."  Glasgow asserts no court would "seriously entertain probation as an option due to [his] criminal history," so the only question here is whether the prosecutor honored the parties' agreement to recommend concurrent sentences.  *But see State v. Boldon*, 954 N.W.2d 62, 66 (Iowa 2021).

We review sentencing challenges for correction of errors at law.  *State v. McCollaugh*, 5 N.W.3d 620, 627 (Iowa 2024).  "To warrant reversal of a sentence,

---

[2] "Because [Glasgow] raises a challenge to the sentence rather than to the guilty plea itself, good cause has been established."  *See State v. Patten*, 981 N.W.2d 126, 130 (Iowa 2022).

[3] The PSI recommended "incarceration" but made no mention of whether Glasgow's sentences should run concurrently or consecutively.

the record must show some 'abuse of discretion or some defect in the sentencing procedure.'" *Patten*, 981 N.W.2d at 130 (quoting *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020)). "Breach of a plea agreement is such a defect." *Id*. "The relevant inquiry" in addressing Glasgow's claim "is whether the prosecutor acted contrary to the common purpose of the plea agreement and the justified expectations of [Glasgow] and thereby effectively deprived [Glasgow] of the benefit of the bargain." *Id.* at 131 (quoting *Boldon*, 954 N.W.2d at 71).

Upon our review, we conclude the prosecutor did not breach the plea agreement presented nor did the State's recommendation "undercut any impression that the State was in favor of the proposed [concurrent] sentences." *See id*. at 133. The parties entered into a plea agreement that provided for a contested sentencing hearing. *See Boldon*, 954 N.W.2d at 71. As part of that same agreement, the parties agreed to recommend concurrent sentences.

> To recommend a sentence is defined to mean: (1) "to mention or introduce as being worthy of acceptance, use, or trial," (2) "to make a commendatory statement about as being fit or worthy," (3) "to bring forward as being fit or worthy," (4) "present with approval," (5) "indicate as being one's choice for something or as otherwise have one's approval or support," (6) "offer or suggest as favored by oneself."

*State v. Wade*, No. 22-0765, 2023 WL 2905121, at *1–2 (Iowa Ct. App. Apr. 12, 2023) (quoting *State v. Davis*, 971 N.W.2d 546, 557 (Iowa 2022)). But under the terms of the plea agreement, the parties were "free to argue sentencing."

"Prosecutors cannot simply inform the court of the agreement, they must present the recommended sentences with their approval, commend the sentences to the court, and otherwise indicate to the court that the recommended sentences are supported by the State and worthy of the court's acceptance." *Patten*, 981

N.W.2d at 131 (cleaned up). Here the prosecutor's statements relayed the recommendation for concurrent sentences, and as permitted by the plea agreement, argued for imposition of prison time based on Glasgow's criminal history. At no time during the hearing did the prosecutor suggest consecutive sentences would be more appropriate than concurrent sentences. The fact is the parties bargained for a contested sentencing hearing. The statements by the prosecutor do not equate to conveying "material reservations" about the recommended concurrent sentences. *Id*. at 133; *Boldon*, 954 N.W.2d at 71–72 (noting reservations can be either explicit or implicit). Accordingly, we affirm.

**AFFIRMED.**